IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| VINCENT LAWRENCE BROWN, JR., | ) | CIV. NO. 08-00055 ACK-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER DISMISSING COMPLAINT AND |
| | ) | ACTION |
| SHARI KIMOTO, ROBERT PARKER, | ) | |
| DARREN SWENSON, CORRECTION | ) | |
| CORPORATION OF AMERICA, JOHN | ) | |
| F. PEYTON, JR., | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |

**ORDER DISMISSING COMPLAINT AND ACTION**

On February 11, 2008, pro se Plaintiff Vincent Lawrence Brown, Jr. ("Plaintiff"), a Hawaii prisoner incarcerated at Saguaro Correctional Facility ("SCF") in Eloy, Arizona, filed this prisoner civil rights complaint pursuant to 42 U.S.C. § 1983, as well as an *in forma pauperis* application and Motion for Appointment of Counsel. (Doc. Nos. 1, 2, & 3.)

Plaintiff names Shari Kimoto, Mainland Contract Liaison for the Department of Public Safety of Hawaii ("DPS"); Robert Parker, Warden of Tallahatchie County Correctional Facility ("TCCF"), located in Tutwiler, Mississippi; Darren Swenson, Warden of SCF; and John F. Peyton, Jr., former Director of DPS, as defendants to this action. For the following reasons, Plaintiff's Complaint is DISMISSED.

## BACKGROUND

Plaintiff sets forth five causes of action in his Complaint.[1]  Plaintiff complains that, while he was incarcerated at TCCF, Defendants Kimoto, Peyton, and Parker failed to provide him with adequate medical care when they refused to fill his prescription for tinted reading glasses as prescribed by the prison optometrist ("Count One").  See Compl. at 4-4c.  Plaintiff provides a detailed synopsis of his medical history including the fact that he suffers from a hypersensitivity to light.  Plaintiff states that on January 13, 2005, the prison optometrist examined him and prescribed tinted eye glasses.  The glasses Plaintiff ultimately received, however, were not tinted.  Plaintiff alleges that Defendant Kimoto denied all orders for tinted eyeglasses. See Compl. at 4-c.

Plaintiff also claims that between May 2006 and July 2007, while he was housed in administrative segregation at TCCF, Defendants denied him proper medical treatment ("Count Two"). See Compl. at 4-H.  Plaintiff alleges that Defendants: (1) violated his right to privacy; (2) exposed him to unsanitary conditions in the medical unit; (3) failed to fill his prescription (presumably for tinted glasses); and (4) unlawfully charged him for his visit(s) to the prison dentist.  See Compl. at 4-I.

---

[1] Although on the face of the Complaint Plaintiff appears to set forth only two counts, Plaintiff in fact states five causes of action.

In addition, Plaintiff alleges that between May 2006 and July 2007, he was denied access to the court due to unsatisfactory law library conditions at TCCF ("Count Three"). <u>See</u> Compl. at 5.  Plaintiff also complains that his Constitutional rights were violated between July 2007 and the present, when upon being transferred to SCF he was not permitted to use the law library pursuant to a prison policy that restricts law library access to inmate's with active cases only ("Count Four").  <u>See</u> Compl. at 5-O.

Further, Plaintiff claims that he is being denied access to proper medical treatment at SCF.  Plaintiff states that since being transferred to SCF in July 2007, he has not been examined by the prison optometrist despite several requests for an appointment ("Count Five").  <u>See</u> Compl. at 4-K.

### <u>LEGAL STANDARD</u>

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief.  <u>Id.</u>; 28 U.S.C. § 1915A(b)(1), (2).

The court must construe pro se pleadings liberally and afford the pro se litigant the benefit of any doubt.  <u>Morrison v.</u>

3

Hall, 261 F.3d 896, 899 n.2 (9th Cir. 2001).  "'[A] complaint
should not be dismissed for failure to state a claim unless it
appears beyond doubt that the plaintiff can prove no set of facts
in support of his claim which would entitle him to relief.'"
Terracom v. Valley Nat'l Bank, 49 F.3d 555, 558 (9th Cir. 1995)
(quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).  "Unless
it is absolutely clear that no amendment can cure the defect . .
. , a *pro se* litigant is entitled to notice of the complaint's
deficiencies and an opportunity to amend prior to dismissal of
the action."  Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir.
1995); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir.
2000) (en banc).

## DISCUSSION

        This court is not the proper venue to hear this matter.
A close review of the Complaint indicates that the events and
omissions of which Plaintiff complains occurred entirely in
Mississippi and Arizona.  A civil action not founded solely on
diversity of citizenship may, except as otherwise provided by
law, be brought only in (1) a judicial district where any
defendant resides, if all defendants reside in the same state,
(2) a judicial district in which a substantial part of the events
or omissions giving rise to the claim occurred, or (3) a judicial
district in which any defendant may be found, if there is no
district in which the action may otherwise be brought.  28 U.S.C.
§ 1391(b).  As not all of the Defendants herein reside in the

4

state of Hawaii, and all of the events giving rise to this action
occurred in Mississippi or Arizona, this court clearly is not the
proper venue to hear this matter.

Although Defendant Kimoto resides in Hawaii and is the
DPS' Mainland Contract liaison, this does not change this court's
assessment that venue is improper in Hawaii.  While Hawaii
inmates may be required to appeal decisions pertaining to their
inmate programming, assignments, or services directly to
Defendant Kimoto, presumably because such decisions are
ultimately decided by the Hawaii DPS, these types of decisions
are not in the same category as assaults upon inmates or other
constitutional violations, which must necessarily be brought to
the immediate attention of the prison where the inmate is
incarcerated.  After the inmate has exhausted his prison
administrative remedies, such claims are then more properly
brought in the district where they occurred, where they can be
most effectively remedied.  See 28 U.S.C. § 1391(b).

In this case, Plaintiff complains that Defendants
Kimoto, Peyton, and Parker failed to provide him with adequate
medical care when they refused to authorize a prescription for
tinted reading glasses as prescribed by the prison optometrist.
Plaintiff states that on January 13, 2005, the prison optometrist
examined him and prescribed and ordered tinted eye glasses.  The
glasses Plaintiff received, however, were not tinted.  Plaintiff
alleges that Defendant Kimoto denied his prescription and order

for tinted eyeglasses.  Plaintiff also alleges that between May
2006 and July 2007, while he was housed in administrative
segregation at TCCF in Mississippi, Defendants denied him proper
medical treatment and denied him access to the court due to
unsatisfactory law library conditions.  In addition, Plaintiff
claims that between July 2007 and the present, while incarcerated
at SCF in Arizona, his Constitutional rights were violated when:
(1) he was denied access to the law library pursuant to a prison
policy that restricts law library access to inmate's with active
cases only; and (2) he was denied access to proper medical
treatment, namely examination by the prison optometrist.  None of
the events giving rise to these claims have occurred in Hawaii.

        Once a court determines that venue is improper, it
should examine the merits of the plaintiff's action to decide
whether the interests of justice require transfer instead of
dismissal.  See, e.g., King v. Russell, 963 F.2d 1301, 1305 (9th
Cir. 1992).  Transferring a case that would be dismissed does not
further the interests of justice.  See Shemonskey v. Office of
Thrift Supervision, Dep't of Treasury, 733 F. Supp. 892, 895
(M.D. Pa. 1990) (suit against federal agency dismissed for
failure to exhaust administrative remedies, instead of being
transferred for improper venue), aff'd, 922 F.2d 833 (3d Cir.
1990); Safeco Ins. Co. v. Miller, 591 F. Supp. 590, 597 (D. Md.
1984) (transfer would not serve the "interest of justice" where
the case, if transferred, would merely be dismissed in the

transferee court); <u>Froelich v. Petrelli</u>, 472 F. Supp. 756, 763
(D. Haw. 1979) (not in interest of justice to transfer case to
California because case would simply be dismissed under the
statute of limitation).

It is not in the interests of justice to transfer this
action.  Plaintiff claims that his rights were violated both in
Mississippi and Arizona.  This makes it difficult to determine
where venue for this action lies, or to which court this court
should transfer this action.  If the court transfers this action
to the Northern District of Mississippi, the jurisdiction within
which TCCF is located, the Arizona claims would likely be
dismissed.  If it transfers the action to the District of
Arizona, the Mississippi claims would likely be dismissed.
Accordingly, Plaintiff's Complaint is DISMISSED without prejudice
for want of venue.  If Plaintiff so chooses, he is free to pursue
his claims in the proper court.  Plaintiff's claims that
allegedly occurred at TCCF in Mississippi, are properly brought
before the United States District Court for the Northern District
of Mississippi.  Plaintiff's claims that allegedly occurred at
SCF in Arizona, are properly brought before the United States
District Court for the District of Arizona.[2]

---

[2] Arizona applies a two-year statute of limitations to
claims brought under 42 U.S.C. § 1983.  <u>See</u> Ariz. Rev. Stat. §
12-542.  As noted, Mississippi applies a three-year statute of
limitations to claims brought under 42 U.S.C. § 1983.  <u>See</u> Miss.
Code. Ann. § 15-1-49.  As the events giving rise to Plaintiff's
claims allegedly occurred between June 2005 and July 2007 in
Mississippi and July 2007 and the present in Arizona, no

## **CONCLUSION**

IT IS HEREBY ORDERED that:

1.    Plaintiff's Complaint is DISMISSED for lack of proper venue.  This dismissal is without prejudice, but without leave to amend (in other words, Plaintiff is not given leave to amend in the District of Hawaii although he may file a new Complaint in the Northern District of Mississippi and/or the District of Arizona).

2.    Any pending motions before the court are DENIED as moot.

IT IS SO ORDERED.

Dated:  Honolulu, Hawaii, March 7, 2008.



_____
Alan C. Kay
Sr. United States District Judge

Brown v. Kimoto, et al., Civ. No. 08-00055 ACK-LEK, Order Dismissing Complaint and Action.

_____

prejudice to Plaintiff results from dismissal of this action.
Plaintiff may timely file his claims in the appropriate courts.